[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION FOR DISCHARGE OF (THIRD) LIS PENDENS AND MOTION FOR SANCTIONS
The plaintiff has commenced this action in nine counts against the defendants. The lawsuit arises out of the claimed breach of the terms of an equipment lease and personal service contract related to the operation of an auto repair business. The plaintiff also claims he loaned money to the defendants which was not repaid. The action has a return date of May 6, 1997.
As part of the service of process in this case, the plaintiff caused to be recorded and served on the defendants a Notice of Lis Pendens encumbering two parcels of real estate in Woodbridge, Connecticut, owned by one of the defendants. On December 23, 1997, the defendant filed a Motion for Discharge of Lis Pendens. On February 9, 1998, it was reported that the parties had agreed to an order that the lis pendens be discharged, and the court entered an order discharging the lis pendens.
On March 3, 1998, the plaintiff caused a second lis pendens on the same two parcels of real estate to be filed on the land records and served on the defendants. The defendant again moved to discharge the lis pendens. On March 29, 1999, the matter appeared on the docket and defendant's counsel appeared but counsel for the plaintiff did not. The court heard the defendant and ordered that the lis pendens be discharged.
On April 12, 1999, the plaintiff filed a Motion to Re-Argue Defendant's Motion to Discharge Lis Pendens, alleging that plaintiff's counsel was out of state and had not understood that the matter would proceed in his absence. The court granted the opportunity to reargue and the parties were heard on May 3, 1999. The court declined to afford the plaintiff the relief he requested, however, and the order to discharge the lis pendens CT Page 13562 was reaffirmed by the court on the record. At that hearing, in explaining why the lis pendens was ordered to be discharged, the court stated the following:
 THE COURT: . . . there is no support in the papers for the filing of a lis pendens. Now if you amend your complaint and can with some ethical basis allege facts that would indicate that the title to the property is in dispute then we have a slightly different matter. But right now, it's just a regular old garden variety complaint for money damages. . . .
and later
 MR. BROWNE: . . . Well, may I then withdraw this motion and then perhaps re-file it after —
 THE COURT: No. Here's the thing. I heard the matter. I ordered the lis pendens discharged. Your motion for reargument is denied. And that's where the case stands. If there is an amendment to the complaint or some other — something else that would indicate that the title to the property is in dispute, then we will see where it goes. But at this point from the looks of the file and my memory of what I heard and ordered before, the orders in the file are entirely appropriate.
Since the last order for discharge of lis pendens, the plaintiff has indeed amended his complaint and has now for the third time filed a notice of lis pendens on the land records on the same two parcels of real estate. The plaintiff now adds the allegation that certain of the funds lent to one of the defendants were used "for improvements and additions to the real property belonging to the Defendant — Carrazzeria, L.L.C. located at 75 Bradley Drive, Woodbridge, Connecticut without the knowledge and/or consent of the Plaintiff."
For the third time the defendant has filed a motion to discharge the lis pendens, this time pressing a request that sanctions enter against the plaintiff for his repeated use of the lis pendens procedure in a case in which the plaintiff alleges no basis for a claim of title to or interest in real property and in which the court has twice before ordered an identical lis pendens discharged. The court grants the motion, both as to the order to discharge the lis pendens and as to the sanctions.
This is an ordinary action for money damages based on the alleged breach of an equipment lease, failure to repay a loan, and other disputes related to a business transaction between the parties. One or more of the defendants happens to own real property on which the defendant business has an office. But it is clear from the pleadings, and in particular the CT Page 13563 amended complaint, that the disputes between the parties do not relate in any way to the title to or previously acquired interest in real property. See Conn. Gen. Stat. § 52-325. That being the case, the plaintiff is not entitled to use the filing of a lis pendens, with the effect of clouding or encumbering the title to real property, as part of this litigation. Nor does the amendment, alleging that the defendants used the borrowed sums to make certain improvements to a building, convert this from an ordinary contract case to a dispute over title to or interest in real estate. That is particularly true in the face of the plaintiff's allegations that such use of the money was not one contemplated by the plaintiff, essentially admitting that no constructive trust or other such equitable claim involving title is viable here. The lis pendens is not a substitute for the prejudgment remedy procedure in a civil suit for money damages. Compare Conn. Gen. Stat. § 52-325 with Conn. Gen. Stat § 52-278b et seq.
The court has twice ordered that the prior lis pendens be discharged, the second time explaining why its use was inappropriate in this case. The plaintiff did not appeal the prior order of the court, even though such an order is a final judgment for purposes of appeal. Conn. Gen. Stat. § 52-325c. Rather the plaintiff simply added an allegation to the complaint as to the use the defendants made of the loan and filed a third lis pendens in defiance of a court determination that such a vehicle was not proper in this case. Sanctions are therefore appropriate.
The court orders that the notices of lis pendens filed by the plaintiff against the real property of the defendant be and they are hereby discharged. The defendant shall ascertain the costs associated with obtaining certified copies of the order discharging these recent two lis pendens and with filing them on the land records in order to remove the cloud on the title and file an affidavit of those costs with the clerk, with a copy to court's attention and with a copy to plaintiff's counsel. The plaintiff shall within three days thereof remit to defendant's counsel the costs stated in the affidavit, together with $100 as attorney fees for the time and trouble to which the defendants have been put. As a further sanction, the court orders that the plaintiff shall file no further notices on the land records relative to the property of the defendants without leave of the court.
Patty Jenkins Pittman, Judge